ORIGINAL

FILED IN CLERK'S OFFICE
U S D C  Atlanta

JUN 0 3 2008

JAMES N HATTEN, Clerk
By
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| JAMIL A. KAREEM,<br>Plaintiff<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br>Defendant. | )<br>)<br>) CIVIL ACTION<br>) FILE NO.<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>) |

**-ODE**

**1:08-CV-1916**

## COMPLAINT

Plaintiff Jamil A. Kareem, by and through counsel, brings this action against

Defendant NCO Financial Systems, Inc. (hereinafter "NCO") on the grounds and

in the amounts set forth herein.

## I.  PRELIMINARY STATEMENT

1.      This action seeks redress for the Defendant's violations of the Fair Debt

Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. § 1692, *et seq.* in

connection with the collection of a consumer debt.

## II.  PARTIES

2.      Plaintiff Jamil A. Kareem is a natural person and a "consumer" as defined

by the FDCPA, 15 U.S.C. § 1692a(3).

1

3.    Defendant NCO is a Georgia foreign Corporation engaged in the business of collecting debts in the state of Georgia.

4.    Defendant NCO may be served with the Summons and Complaint via its registered agent CT Corporation, 1201 Peachtree Street, Atlanta, Georgia 30361.

5.    Defendant NCO is engaged in the collection of debts from consumers using the mail and telephone.

6.    Defendant NCO regularly attempts to collect consumer debts alleged to be due to another.

7.    Defendant NCO is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## III.  JURISDICTION AND VENUE

8.    Jurisdiction is conferred on this Court by FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

9.    Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## IV.  STATUTORY STRUCTURE

10.   The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

11.   Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

12.   Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.  15 U.S.C. § 1692a(5).

13.   Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  15 U.S.C. § 1692a(6).

14.   Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

## V.   FACTUAL ALLEGATIONS

15.   The Defendant was engaged in the collection of a consumer purpose debt allegedly owed by the Plaintiff to Citibank (South Dakota), N.A. ("Citibank") for a consumer purpose credit account (hereinafter "account" or "debt").

16.   On or about October 12, 2007, Plaintiff applied for a Citibank Citi Health Card to finance his personal medical treatment, which included a twelve month same as cash payment option.

17.   On or about October 12, 2007, Plaintiff's application for the account was approved.

18.   On or about October 12, 2007, the Plaintiff's account was charged $1,400.00 for the medical charges he incurred.

19.   On or about October 12, 2007, when the Plaintiff opened the account he thought that no payments were due during the interest free period.

20.   Plaintiff's application for the Citibank Citi Health Card included his current residential address; however, Citibank mailed the monthly billing statements to the Plaintiff's former residence.

21.   Because the Plaintiff never received any monthly billing statements from Citibank, Plaintiff's account went into default in December 2007.

22.   Upon information and belief, Citibank assigned the Plaintiff's account to NCO's office for collection.

23.   On or about March 24, 2008, Defendant NCO mailed the Plaintiff an initial communication letter in an attempt to collect the debt.

24.   On or about March 24, 2008, the Defendant telephoned the Plaintiff's residence in an attempt to collect the debt.

25.   On or about March 24, 2008, Defendant NCO, with the intent to deceive and mislead, left a voice mail message for the Plaintiff stating that they were calling in reference to a Citibank credit card, that he should return their call immediately because it was urgent because his file had been turned over to the legal department.

26.   On or about March 24, 2008, the Plaintiff's mother, whom he resides with, received the message left by the Defendant.

27.   On or about March 25, 2008, Defendant NCO telephoned the Plaintiff in an attempt to collect the debt.

28.   On or about March 25, 2008, Defendant NCO left a voice message for the Plaintiff to return their call.

29.   On or about March 25, 2008, the Plaintiff telephoned Defendant NCO regarding their calls.

30. On or about March 25, 2008, the Plaintiff informed Defendant NCO that he never received a billing statement from Citibank regarding the account.

31. On or about March 28, 2008, the Plaintiff received Defendant NCO's initial communication letter.

32. On or about March 31, 2008, Defendant NCO telephoned the Plaintiff in an attempt to collect the debt.

33. On or about March 31,2 008, Defendant NCO, with the intent to deceive and mislead, left a voice message for the Plaintiff that he needed to return their call because he was being investigated for fraud.

34. On April 4, 2008, the Plaintiff mailed Defendant NCO a letter disputing the debt and requesting verification of the debt.

35. On April 7, 2008 at approximately 9:03am, Defendant NCO received the Plaintiff's letter disputing the debt and requesting verification of the debt.

36. Defendant NCO failed to response to the Plaintiff's request for verification of the debt after receipt of the Plaintiff's written request.

37. On April 8, 2008 at approximately 8:20am, Defendant NCO's Representative Mr. Angler telephoned the Plaintiff in an attempt to collect the debt.

38. On April 8, 2008 at approximately 8:20 am, Defendant NCO's Representative Mr. Angler left the Plaintiff a message stating that the Plaintiff needed to contact them before his credit was effected.

39. On April 10, 2008 at approximately 9:40 am, Defendant NCO telephoned the Plaintiff in an attempt to collect the debt.

40. On April 11, 2008 at approximately 5:20 pm, Defendant NCO telephoned the Plaintiff in an attempt to collect the debt.

41. After the Plaintiff spoke with the Defendant's representatives, he suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, and other negative emotions.

42. After the Plaintiff received the voice messages left by the Defendant's representatives, he suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, and other negative emotions.

43. At all times pertinent hereto, Defendant NCO was acting by and through its agents, servants, and/or employees, who were acting within the scope and course of their employment, under the direct supervision and control of NCO.

44. At all times pertinent hereto, the conduct of Defendant NCO was intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

45. As a result of the Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional, mental pain and anguish, anger, anxiety, fear, and frustration and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## V. CAUSES OF ACTION

46. Defendant NCO violated the FDPCA by communicating, in connection with the collection of a debt, with persons other than the consumer, in violation of 15 U.S.C. § 1692c(b).

47. Defendant NCO violated the FDCPA by engaging in conduct the natural consequence was to harass, oppress, and/or abuse the Plaintiff in connection with an attempt to collect a debt, in violation of 15 U.S.C. § 1692d.

48. Defendant NCO violated the FDCPA by using false, deceptive and/or misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

49. Defendant NCO violated the FDCPA by falsely representing the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

8

50.  Defendant NCO violated the FDCPA by using false representations and/or deceptive means to attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

51.  As a result of the foregoing violations of the FDCPA, Defendant NCO is liable to Plaintiff for actual damages, statutory damages, and attorney fees and costs in accordance with 15 U.S.C. § 1692k.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jamil A. Kareem prays that judgment be entered against Defendant NCO Financial Systems, Inc. for the following:

A.  Award Plaintiff actual damages in an amount determined by a jury;

B.  Award Plaintiff statutory damages of $1,000.00;

C.  Award Plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

D.  Such other and further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all Issues.

Dated: June 3, 2008.

Respectfully submitted,

LAW OFFICE OF LISA D. WRIGHT, LLC

By: _____
Lisa D. Wright
Attorney for Plaintiff
Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)
attorneywright@prodigy.net